Below is an opinion of the court.

*Teresa H. Pearson*
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 25-60160-thp7 |
|---|---|
| PHILLIP CHARLES LEAVELL, | MEMORANDUM DECISION[1] |
| Debtor. | |

This case presents the legal question of whether a debtor may claim an exemption in a bank account pursuant to ORS 18.785(2)(j). For the reasons set forth below, the answer is no.

**Relevant Facts**

The relevant facts are undisputed. Phillip Charles Leavell filed a voluntary chapter 7 petition on January 22, 2025.[2] On his Schedule C, Mr. Leavell claimed a $200 exemption in his checking account at U.S. Bank, relying upon ORS 18.785(2)(j).[3] The trustee filed a timely objection to this exemption.[4] Mr. Leavell did not respond to the trustee's objection.

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] ECF No. 1, filed Jan. 22, 2025.
[3] *Id.*, Schedule C, p. 2.
[4] Trustee's Objection to Claimed Exemptions, ECF No. 10, filed Mar. 11, 2025. The trustee also objected to another exemption Mr. Leavell claimed, asserting that ORS 18.345(1)(p) cannot be

Page 1 of 10 – MEMORANDUM DECISION

**Analysis**

The Bankruptcy Code allows a debtor to exempt property from the bankruptcy estate using either the applicable state law and federal non-bankruptcy law exemptions or, if state law allows, federal bankruptcy law exemptions.[5] In this case, debtor asserted Oregon state law exemptions, including an exemption under ORS 18.785(2)(j).

The trustee objected, essentially arguing that ORS 18.785(2)(j) does not provide a valid basis for a claim of exemption in a bankruptcy case. Specifically, the trustee asserts that "ORS 18.785(2)(J) is not a bankruptcy exemption, but rather a garnishment exemption for recovery of funds taken by creditor out of bank accounts."[6] The court understands the trustee's argument to be that ORS 18.785 does not create an exemption under state law that debtor may assert in a bankruptcy case, but instead merely describes a limitation on a bank's obligation to respond to a garnishment. The trustee does not appear to challenge that debtor has a bank account, or that debtor would otherwise be entitled to exempt the $200 in the bank account as a factual matter.

Thus, this dispute is about whether the law provides for an exemption, and not whether the debtor, under the facts of his case, is qualified to claim that exemption. For this legal question, "[t]he availability of a state law exemption is controlled by state law and interpreted under state rules of construction."[7] Because the debtor has claimed an exemption under Oregon law, this is a matter of Oregon statutory construction, and this court must predict how the Oregon Supreme Court would decide the question.[8]

Under Oregon law, to interpret a statute, the court must look first to the text and context of the statute.[9] Next, the court may consider any legislative history the parties may proffer.[10]

---

used to increase the amount of any other exemption. Because the language of ORS 18.345(1)(p) plainly states this rule, the court will sustain this objection without further comment.

[5] 11 U.S.C. § 522(b).

[6] Trustee's Objection to Claimed Exemptions, ECF No. 10, filed Mar. 11, 2025.

[7] *Yaden v. Robinson (In re Robinson)*, 241 B.R. 447, 448 (9th Cir. BAP 1999), *citing Goldman v. Salisbury (In re Goldman)*, 70 F.3d 1028, 1029 (9th Cir. 1995).

[8] *Id.*

[9] *State v. Gaines*, 346 Or. 160, 171-72, 206 P.3d 1042, 1050-51 (2009).

[10] *Id.* In this case, likely due to the small amount at issue, neither party provided any briefing or any legislative history.

However, the most persuasive evidence of the legislature's intent is the language of the statute itself.[11]  Finally, if the legislature's intent remains unclear, the court may resort to general maxims of statutory construction.[12]  It is appropriate to consider the statutory context of how the Oregon Legislature writes its exemption laws when determining whether a specific statute creates an exemption.[13]  Applying this method for statutory construction, the court concludes that the plain text and context of ORS 18.785(2)(j) does not create an exemption under Oregon law that can be asserted by a debtor in a bankruptcy case.

### A. Exemptions in Bank Accounts Prior to the Amendment of ORS 18.785

Historically in Oregon, debtors have protected and exempted amounts in their bank accounts by either asserting that the funds were derived from an exempt source[14] or asserting the $400 exemption for any personal property under ORS 18.345(1)(p).  Notably, Oregon law expressly contemplates the protection of funds derived from an exempt source when those funds are deposited into an account in a financial institution.[15]  In 1982, the Bankruptcy Court for the District of Oregon recognized that former ORS 23.160(1)(k), now renumbered as ORS 18.345(1)(p), was originally intended by the Oregon Legislature to provide an exemption for cash or cash equivalents, such as funds in bank accounts or stocks and bonds.[16]

Prior to December 31, 2024, ORS 18.785 prescribed the duties of a financial institution who conducted a garnishment account review pursuant to ORS 18.784.  ORS 18.784 provided that federal benefit payments, payments from a public or private retirement plan, public assistance or medical assistance payments from the State of Oregon or an agency of the State of

---

[11] *Gaines*, 346 Or. at 171, 206 P.3d at 1050.
[12] *Id.*
[13] *See Robinson*, 241 B.R. at 449 (relying on context and assembling a "three-piece puzzle" of three different Oregon statutes to determine whether one of them provides for a particular exemption).
[14] *See, e.g., In re Platt*, 270 B.R. 773 (Bankr. D. Or. 2001) (debtors asserted that funds in their bank account were exempt wages); *In re Drescher*, 2013 WL 4525232 (Bankr. D. Or. Aug. 27, 2013) (debtor asserted that funds in her bank account were exempt student assistance funds).
[15] ORS 18.348.
[16] *In re Langley*, 22 B.R. 137, 138-39 (Bankr. D. Or. 1982); *In re Wilson*, 22 B.R. 146, 149 (Bankr. D. Or. 1982).  This statute also protects personal property that is not otherwise exempt. *In re Berry*, 29 B.R. 10, 11 (Bankr. D. Or. 1983).

Oregon, unemployment compensation payments from the State of Oregon or an agency of the State of Oregon, black lung benefits payments from the United States Department of Labor, and workers' compensation payments from a workers' compensation carrier were not subject to garnishment. Neither ORS 18.784 nor ORS 18.785 purported to create any exemption, as all these categories of payments were already exempt from collection under other Oregon or federal law.[17]

### B. Adoption of Amendments to ORS 18.785

In the 2024 legislative session, the Oregon Legislature passed, and the Governor signed, Senate Bill 1595.[18] As part of that bill, ORS 18.785 was amended[19] and ORS 18.784 was repealed[20] effective as of January 1, 2025.[21]

### C. The New Provisions of ORS 18.785.

The operative provisions of the amended ORS 18.785 continue to prescribe the duties of financial institutions to conduct garnishment account reviews. Specifically, ORS 18.785 imposes obligations on financial institutions that receive writs of garnishment to review the information they receive with the writs of garnishment and review their accounts held by judgment debtors. Depending on the results of these reviews, financial institutions must give certain notices, provide judgment debtors with full customary access to certain amounts in their bank accounts, and deliver certain amounts to garnishors.[22]

ORS 18.785(2)(j) describes the "base protected account balance," which is an "amount not subject to garnishment"[23] when a garnishment is served on a financial institution under particular circumstances. If a financial institution receives a writ of garnishment that includes a notice of right to garnish federal benefits, or an attestation that the debt arises out of a child

---

[17] 42 U.S.C. § 407(a) (Social Security); ORS 18.358(2) (retirement); ORS 411.760 (public and medical assistance); ORS 657.855 (unemployment); 20 C.F.R. 725.515 (black lung); ORS 656.234(1) (workers' compensation).
[18] Chapter 100, 2024 Laws.
[19] Chapter 100, 2024 Laws, § 10.
[20] Chapter 100, 2024 Laws, § 31.
[21] Chapter 100, 2024 Laws, § 32(1)(a).
[22] ORS 18.785.
[23] ORS 18.785(1)(a).

support or spousal support obligation or a judgment containing a money award for restitution, ORS 18.785(2)(j) does not apply at all.[24] Conversely, if a financial institution receives a writ of garnishment without such notice or attestation, then ORS 18.785(2)(j) applies.[25] The specific language of ORS 18.785(2)(j) states:

> The initial base protected account balance is the combined total of $2,500 in all of a debtor's accounts in the financial institution. The State Court Administrator shall index the base protected account balance amount each year on or before July 1 to reflect increases or decreases in the cost of living for the previous calendar year, based on changes in the Consumer Price Index for All Urban Consumers, West Region (All Items), as published by the Bureau of Labor Statistics of the United States Department of Labor or a successor agency. The State Court Administrator shall publish the adjusted exemption on the Judicial Department website. In adjusting the exempted amount, the State Court Administrator shall round to the nearest $100, but shall use the unrounded adjusted amount to calculate the exempted amount for the succeeding year. The new exempted amount becomes effective on July 1 of the year in which the State Court Administrator makes the adjustment and becomes the amount that the State Court Administrator must adjust in the succeeding year.

Although this section uses some forms of the word "exempt" in connection with a determination of the adjusted base protected account balance, neither this section, nor the remainder of ORS 18.785 directly states that the base protected account balance is exempt from execution.

### D. Comparison of the New Provisions of ORS 18.785 to Other Oregon Exemption Laws

Most other existing Oregon exemption statutes are very clear and direct when creating an exemption, expressly stating that an asset is exempt from execution:

- Oregon's homestead exemption statute uses direct language stating that "a homestead is exempt from sale on execution . . . ."[26]

---

[24] ORS 18.785(2)(a)(B) and (C).
[25] *See* ORS 18.755(2)(a)(D), providing that the financial institution proceed with its calculations under these circumstances.
[26] ORS 18.395(1)(a) and (b).

Page 5 of 10 – MEMORANDUM DECISION

- The statute which establishes many of Oregon's exemptions in personal property, plainly states that "[t]he following property of the judgment debtor, or rights or interest in the property, except as provided in ORS 18.305, is exempt from execution: [describing various personal property such as vehicles, household goods, clothing, tools, health aids, etc.]."[27]
- Oregon's wage exemption statute provides that a certain amount of "disposable earnings of an individual are exempt from execution."[28]
- Oregon's statute exempting general retirement assets explicitly states "a beneficiary's interest in a retirement plan shall be exempt, effective without necessity of claim thereof, from execution and all other process, mesne or final"[29] and the statue providing for public employee pensions and annuities states that those funds "shall be exempt from garnishment and all state, county and municipal taxes heretofore or hereafter imposed, except as provided under ORS chapter 118, shall not be subject to execution, garnishment, attachment or any other process or to the operation of any bankruptcy or insolvency law heretofore or hereafter existing or enacted, and shall be unassignable."[30]
- Oregon law providing protection for worker's compensation benefits states that "[a]ll such moneys and the right to receive them are exempt from seizure on execution, attachment or garnishment, or by the process of any court."[31]
- Oregon law providing protection for unemployment benefits states that "[b]enefits due under this chapter shall, except as otherwise provided in this chapter, be exempt from all claims of creditors and from levy, execution and attachment or remedy for recovery or collection of a debt, and the exemption may not be waived. No agreement by an individual to waive the individual's rights under this chapter is valid."[32]

---

[27] ORS 18.345(1).
[28] ORS 18.385(1) and (2).
[29] ORS 18.358(2).
[30] ORS 238.445(1).
[31] ORS 656.234(1).
[32] ORS 657.855.

- The statutes establishing Oregon's 529 college savings plan make clear that funds held in those accounts "shall be exempt from garnishment and may not be subject to execution, attachment or any other process or to the operation of any bankruptcy or insolvency law."[33]

- Under Oregon law, public assistance grants and medical assistance grants "are exempt from garnishment, levy or execution under the laws of this state."[34]

- Benefits payable to adults injured in prison or work camps are "exempt from seizure on execution, attachment or garnishment, or by the process of any court."[35]

- Under Oregon law, "[a] policy of life insurance payable to a beneficiary other than the estate of the insured, having by its terms a cash surrender value available to the insured, is exempt from execution issued from any court in this state and in the event of bankruptcy of such insured is exempt from all demands in legal proceeding under such bankruptcy"[36] and "[a] policy of group life insurance or the proceeds thereof payable to a person or persons other than the individual insured or the individual's estate shall be exempt from debts and claims of creditors or representatives of the individual insured and, in the event of bankruptcy of the individual insured, from all demands in legal proceedings under such bankruptcy."[37]

Other Oregon laws, while not expressly using the specific word "exempt," are equally direct and clear that they intend to protect specific funds from all execution generally:

- Oregon's statute governing payments to individuals for vocational rehabilitation provides that "None of the money payable . . . shall be subject to execution, levy, attachment, garnishment or other legal process or to the operation of any bankruptcy or insolvency law."[38]

---

[33] ORS 178.345(2).
[34] ORS 411.760.
[35] ORS 655.530.
[36] ORS 743.046(3).
[37] ORS 743.047(1).
[38] ORS 344.580.

Page 7 of 10 – MEMORANDUM DECISION

- Oregon's law governing veterans loans provides that "No right, payment or proceeds of any loan . . . shall be subject to garnishment, attachment or execution or the claim of any creditor . . . ."[39]
- Oregon law provides that "Neither medical assistance nor amounts payable to vendors out of medical assistance funds are transferable or assignable at law or in equity and none of the money paid or payable under the provisions of this chapter is subject to execution, levy, attachment, garnishment or other legal process."[40]

The common theme in all these statutes is that when the Oregon Legislature meant to create an exemption from execution, it did so expressly, stating in clear and definite terms that a particular asset is exempt from execution. It did not bury these exemptions in statutes describing how only one category of responding party (such as a financial institution) must respond to a particular form (such as garnishment) of execution on a judgment. Unlike all these other exemption statutes, ORS 18.785 does not clearly and directly state that up to $2,500 in a judgment debtor's accounts in a financial institution is exempt from execution.

### E. Legal Conclusions

Viewed in context of Oregon's other exemption laws, the court agrees with the trustee that the text of ORS 18.785 provides merely a limitation on the obligations of financial institutions to respond to a writ of garnishment and not an exemption for bank accounts.

Making this conclusion more compelling is that a similar issue has arisen before under Oregon law. In *Robinson*, a trustee objected to joint debtors' claim of exemption in wages, asserting that the statute was a mere limitation on garnishment and did not create an exemption.[41] Thus, the Bankruptcy Appellate Panel had to squarely address the question of whether a limitation on garnishment of wages created an exemption under Oregon law or not.[42]

---

[39] ORS 407.595.
[40] ORS 414.095.
[41] *Robinson*, 241 B.R. at 448.
[42] *Robinson*, 241 B.R. at 448-51. In doing so, the Bankruptcy Appellate Panel addressed the question that had previously been left open by *Yaden v. Osworth (In re Osworth)*, 234 B.R. 497, 498, n.1 (9th Cir. BAP 1999).

In that case, the statute at issue was former ORS 23.185(1), which at the time excluded the greater of $170 per week or 75 percent of aggregate disposable weekly earnings from garnishment.[43] It did not use any form of the word "exemption" nor did it indicate that those wages were not subject to execution.[44] After considering the text and context of the statute, and two related statutes, the Bankruptcy Appellate Panel concluded that "the Oregon Supreme Court would hold that [former ORS 23.185(1)] creates an exemption that transcends a mere limitation on garnishment."[45]

*Robinson* was decided in November of 1999.[46] The Oregon Legislature acted promptly afterward to provide clarity on this issue. In the very next legislative session, the Oregon Legislature revised Oregon's garnishment laws to provide explicitly an exemption for wages,[47] and has maintained an explicit exemption for wages thereafter.[48]

Based on this history, the Oregon Legislature knows there is a difference between an express statutory exemption and a limitation on the obligation to respond to a garnishment. And, when the Oregon Legislature intends to create an exemption, it knows how to do so and does so expressly. Notably, the Oregon Legislature kept an explicit exemption for wages *in the very same law* that amended ORS 18.785 to add ORS 18.785(2)(j)[49]—without making a clear and explicit exemption for bank accounts in ORS 18.785(2)(j). Presumably, if the Oregon Legislature had simply intended to increase the amount of an exemption for funds in bank accounts from $400 to $2,500, it would have done so by amending ORS 18.345(1)(p), which is the statute that the Oregon Legislature originally intended to be used to exempt cash and cash equivalencies. In fact, the Oregon Legislature *did* amend ORS 18.345(1)(p) in the same law that amended ORS 18.785 to add ORS 18.785(2)(j), but it *did not* increase the amount of the

---

[43] ORS 23.185 (1999) (repealed).
[44] *Id.*
[45] *Robinson*, 241 B.R. at 450-51.
[46] *Robinson*, 241 B.R. at 447.
[47] Chapter 249, 2001 Laws, § 69b.
[48] ORS 18.385 [formerly ORS 23.186]; Chapter 496, 2007 Laws §§ 9, 14; Chapter 228, 2011 Laws § 1; Chapter 263, 2019 Laws § 1; Chapter 597, 2021 Laws § 41; Chapter 100, 2024 Laws § 3.
[49] Chapter 100, 2024 Laws §§ 3, 10.

exemption in that statute. It strains credulity to believe that the Oregon Legislature, knowing the need for explicit exemptions from execution and having both the ability and the opportunity to create or expand such exemptions, would instead have buried an exemption by implication inside a statute applicable only to financial institutions that applies only in the context of responses to garnishments under certain circumstances.

## Conclusion

For the reasons set forth above, the court will sustain the trustee's objection to Mr. Leavell's claims of exemption and will enter the order that the trustee has already submitted.

# # #